IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUST BORN, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 13-7313 |
| SUMMIT FOODS ENTERPRISES, INC. | : | |

**MEMORANDUM**

Leeson, J.                                                                                              March 6, 2015

This action arises from a dispute as to the existence of an exclusive distribution agreement. Both federal question and diversity jurisdiction exist. 28 U.S.C. §§ 1331 and 1332. According to the complaint, plaintiff Just Born, Inc. and defendant Summit Foods Enterprises, Inc. enjoy a "supplier and customer" relationship – not an exclusive distributorship arrangement. Complaint, 15. However, according to the complaint filed by Summit in parallel proceedings pending in New Jersey District Court, Summit is Just Born's exclusive distributor of candy to the movie theater industry and has been since May 2012.[1] Litigation on this point ensued when Summit commenced the New Jersey action in state court.[2] The complaint in that action alleged that a distributor and its principal engaged by Just Born, by virtue of that arrangement, were interfering with Summit's exclusive arrangement with Just Born, and its prospective business relations with theater chains to whom the New Jersey defendants were supplying Just Born products. Just Born

---

[1] *See Summit Food Enterprises, Inc. v. Continental Concessions Supplies, Inc.*, No. 13-7748, U.S.D.C., D.N.J, ¶¶ 5-8, 14, docket attached as Exhibit A to Just Born's response to Summit's motion to dismiss.
[2] *Summit Food Enterprises, Inc. v. Continental Concessions Supplies, Inc. and Adam Gottlieb*, filed in the Superior Court of New Jersey, Law Division, Hudson County, at docket number L-5419/2013 on November 11, 2013.

countered with this action, which, *inter alia*, alleges that Summit is interfering with Just Born's relations with its other distributors by (1) representing itself in the industry as Just Born's exclusive distributor, and (2) pursuing litigation against other distributors engaged by Just Born in an effort to disrupt Just Born's business relations with those distributors.[3] Summit moves to dismiss this action for lack of subject matter jurisdiction or improper venue under the first-filed rule, or, in the alternative, to transfer and consolidate this action with the New Jersey action. The motion will be denied.

## Facts and Procedural Background

Just Born is the manufacturer of candy, including PEEPS® and MIKE AND IKE® candies. Summit is in the business of repackaging and distributing candies to other distributors, some in the movie theater industry. By letter dated May 1, 2012, Just Born granted Summit the right to act as Just Born's exclusive distributor of Just Born products in the movie theater concession industry. Complaint, ¶9, and Exhibit 1 to complaint. By letter dated January 23, 2013, Just Born rescinded the exclusive relationship, but advised that it expected Summit to continue to distribute Just Born's products. Complaint, ¶12, and Exhibit 3 to complaint. By letter dated May 16, 2013, Just Born reminded Summit that the exclusive relationship had been terminated, and that the relationship that then existed was one of "supplier and customer." Complaint, ¶¶14-15, and Exhibit 4 to complaint. It further advised that Just

---

[3] The complaint also includes claims for violation of Section 43(a) of the Lanham Act and unfair competition, and a request for a declaratory judgment.

Born would retain other distributors on the same non-exclusive basis as it saw fit. *Id.* Summit continued to distribute Just Born's products. Complaint, ¶16.

On November 18, 2013, Summit filed an action in New Jersey state court against Continental Concessions Supplies, Inc., a distributor of Just Born products, alleging tortious interference with contractual relations. Summit alleged that Continental's distribution of Just Born's products constituted interference with the exclusive distributorship agreement that existed between Just Born and Summit. Complaint, ¶¶18-20, and Exhibit 5 to complaint. In response to the New Jersey action, on December 12, 2013, Just Born sent a "cease and desist" letter to Summit, demanding that it stop representing itself as Just Born's exclusive distributor. Summit responded that it was Just Born's exclusive distributor, as the exclusive relationship established in May 2012 was intended to continue for a minimum of three years. Complaint, ¶¶ 22, 23, and Exhibits 6 and 7 to complaint. Just Born denies this, and, in light of Summit's position, filed this action on December 13, 2013.

On December 20, 2013, Summit attempted to amend its New Jersey state court action by adding Just Born as a defendant and alleging breach of the exclusive distributorship agreement. However, on that same date, and prior to the filing of the amended complaint, Continental and co-defendant Adam Gottlieb removed the action to New Jersey District Court. The amended complaint was filed in the New Jersey action on January 29, 2014.[4] Just Born moved to dismiss the New Jersey action, to transfer it to this court, or to stay

---

[4] A copy of the amended complaint is attached as Exhibit A to Summit's memorandum of law in support of its motion to dismiss.

the action pending adjudication of this action. Exhibit A to Just Born's response to Summit's motion to dismiss.

## Motion to Dismiss Under the First-Filed Rule

Under the first-filed rule, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Sinclair Cattle Company, Inc. v. Ward*, -- F.Supp.2d --, 2015 WL 268784, at *3 (M.D. Pa., Jan. 21, 2015, quoting *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). The rule empowers a district court "to enjoin subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC*, 850 F.2d at 971. The threshold issue is whether the two actions in question are sufficiently similar to permit application of the rule. *Sinclair Cattle*, 2015 WL 268784, at *3-4, quoting *Synthes, Inc. v. Knapp*, 978 F.Supp.2d 450, 456 (E.D. Pa. 2013) (rule is available where "a determination in one action leaves little or nothing to be determined in the other."). Here, the parties agree that the two actions involve parties in privity and issues that overlap. The dispute turns on whether an exclusive distribution agreement exists. If it does, then the interference with contractual relations claims alleged by Summit have merit and those alleged by Just Born do not. The opposite is also true - if no exclusive arrangement exists, then Summit's claims have no merit, while Just Born's do. In either case, a decision as to whether the exclusive agreement exists, made by either this court or the New Jersey District Court, will "leave little or nothing to be determined in the other." The rule, therefore, is applicable.

Summit argues that the New Jersey action was first-filed, but Summit is incorrect. "In applying the first-filed rule, the first-filed case is the federal civil action which is first in time, whether by removal or the actual filing of a civil action in federal court. Since the rule the Court follows today is limited to federal district courts, the plaintiff in a state civil action can avoid being the second-filed matter by simply filing a complaint in a federal district court, not a state trial court at the outset." *North American Communications, Inc. v. Homeowners Loan Corp.*, 2007 WL 184776, at *3 n.1 (W.D. Pa., Jan. 22, 2007). As noted, Just Born filed this action on December 13, 2013. Summit's state court action was not removed until one week later, on December 20, 2013. Accordingly, Summit's motion under the first-filed rule must be denied.[5]

## Motion to Transfer Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), a court may transfer an action to another district, where the action could originally have been brought, for the convenience of parties and witnesses and in the interest of justice. Here, Summit urges transfer to the New Jersey District Court. Defendant Continental Concessions Supply, Inc., a New York resident, maintains a distribution center in New Jersey, thus Summit argues that "a substantial part of the events or omissions giving rise to the claim" occurred there, and venue is proper. *See* 28

---

[5] Summit urges application of an exception to the rule, available where "the later-filed action has developed further than the first-filed action." Synthes, 978 F.Supp.2d at 455. Here, resolution of this threshold motion has delayed progress in the case, while in the New Jersey action, some defendants have filed answers and counterclaims. It is of note, however, that progress in the New Jersey action was halted by Just Born's filing of a similar motion to dismiss or transfer last spring, thus describing that case as further developed than this is misleading. Moreover, though exceptions to the first-filed rule exist, "due consideration to the orderly administration of justice counsels in favor of ordinarily respecting" the rule. Sinclair Cattle, 2015 WL 268784, at *3.

U.S.C. § 1391(b). Even assuming that venue is proper in New Jersey, a balancing of the private and public factors bearing on transfer under *Jumara* weighs heavily against transfer to New Jersey. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 987 (3d Cir. 1995).

The first factor to consider is plaintiff's choice of forum. Here, Just Born, a Pennsylvania resident, chose its home forum for this litigation. Where a plaintiff chooses his home forum, the choice is entitled to great deference. *Endless Pools, Inc. v. Wave Tac Pools, Inc.*, 362 F.Supp.2d 578, 586-87 (E.D. Pa. 2005).[6] The other private factors bearing on transfer include defendant's preference, where the claim arose, convenience of the parties determined by their physical location and financial condition, convenience of witnesses and the location of books and records. *Jumara*, 55 F.3d at 879-80. Just Born is located in Pennsylvania, and Summit is located in Massachusetts. Given this, private factors including where the claim arose[7], location of books and records, and convenience of witnesses weigh heavily in favor of Pennsylvania. None of the factors weighs in favor of New Jersey.

The public factors bearing on transfer include enforceability of a judgment, practical considerations making trial easy, expeditious or inexpensive, administrative difficulties resulting from court congestion, local interests in deciding local controversies, public policies of the forum, and the

---

[6] In contrast, Summit, a resident of Massachusetts, did not choose its home forum when it filed the New Jersey action.

[7] In this regard, Just Born notes that the letters creating and rescinding the exclusive distributorship agreement originated in Pennsylvania, orders for product are placed in Pennsylvania, and Summit is responsible for freight to ship product out of Pennsylvania. Affidavit of Ronald Izewski, filed with Just Born's response to Summit's motion to dismiss.

trial judge's familiarity with applicable state law in diversity cases. *Id.* Of these, enforceability of a judgment, access to the court, local interest in deciding a local controversy, and the trial judge's familiarity with Pennsylvania law[8], all favor Pennsylvania. The remaining factors are neutral. None weighs in favor of New Jersey.

A defendant requesting a transfer of venue bears the burden of showing that "the balance of convenience of the parties and witnesses strongly favors the defendant." *Adams v. Crowley*, 2005 WL 1240181, at *1 (D. Del., May 25, 2005), citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Summit has not carried this burden and the motion to transfer, accordingly, must be denied.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
Joseph F. Leeson. Jr., J.

---

[8] The central issue in this case is whether an exclusive distribution agreement exists between Just Born and Summit. A federal court sitting in diversity must apply the conflict of laws rules of the state in which it sits – here, Pennsylvania. *Klaxon Co. v. Stentor Elec.Mfg. Co.*, 313 U.S. 487 (1941). Under Pennsylvania choice of law principles governing contract actions, the following contacts are relevant to a determination as to the proper choice of law: place of negotiation, contracting, and performance; location of the subject matter of the contract; and the citizenship of the parties. *Day & Zimmerman, Inc. v. Exportadora Salcedo de Elaboradoros de Cacao S.A.*, 549 F. Supp. 383 (E.D. Pa. 1982). Here, with the exception of Summit's Massachusetts citizenship, all of these contacts are with Pennsylvania. There is no basis to believe that New Jersey law would apply to this dispute.